UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 08-21757-CIV-MORENO

YVONNE S. ROSENTHAL,

      Plaintiff,

vs.

LONGCHAMP CORAL GABLES LLC, d/b/a
LONGCHAMP AND LONGCHAMP CORAL
GABLES,

      Defendants.

_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

Plaintiff brings this action alleging a "willful" violation of the Fair and Accurate Credit Transactions Act ("FACTA"). Undisputedly, Defendant Longchamp did truncate her credit card number in compliance with the statute. It failed, however, to remove her credit card's expiration date from her printed receipt. Defendant Longchamp moved to dismiss arguing that Plaintiff's allegations fail to establish Defendant "willfully" violated the statute. Defendant also seek the Court find FACTA unconstitutional. The Court granted the United States of America leave to intervene to defend the statute's constitutionality. After reviewing the briefs, the Court grants the motion to dismiss in part for the reasons stated in this Order. Accordingly, it is

**ADJUDGED** that the motion to dismiss is GRANTED in part as to Defendant's contention that Plaintiff's allegations are insufficient under *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) and *Safeco v Burr*, 127 S. Ct. 2201 (2007) to establish a willful violation of FACTA. Plaintiff may file an amended complaint by no later than **April 2, 2009**. Failure to do so will result

in the Court closing the case.[1]  It is also

**ADJUDGED** that the motion to dismiss is DENIED to the extent it seeks the Court declare

FACTA unconstitutional.

## I. BACKGROUND

Plaintiff is bringing suit under Section 113 of the Fair and Accurate Credit Transactions Act

('FACTA"), which is codified at 15 U.S.C. § 1681c(g), which makes it illegal for a merchant to print

more that the last five digits of the card number or the expiration date on the receipt provided to a

cardholder at the point of sale.  Congress enacted this legislation in an effort to combat identity theft

by reducing the chance that a consumer would be injured by unnecessary, yet sensitive information,

included on a credit card receipt.  *See Grabein v. 1-800-Flowers.com, Inc.*, 2008 WL 343179, *3

(S.D. Fla. Jan. 29, 2008).

Plaintiff's one-count complaint alleges that Defendant violated FACTA when on June 9,

2008 it issued Plaintiff an electronically generated, point of sale receipt that contained Plaintiff's

credit card expiration date.  Plaintiff is seeking actual damages, statutory damages, punitive damages,

and injunctive relief.  Defendant has moved to dismiss arguing the Amended Complaint does not

state a willful violation of the statute.   Defendant also argues that 15 U.S.C. § 1681n violates

constitutional due process -- the United States of America, an intervenor, has filed briefs supporting

the constitutionality of the provision.

---

[1]While the motion to dismiss argued the Court should dismiss the FACTA negligence
claim as Plaintiff failed to allege she suffered actual damages, the Plaintiff's amended complaint
does not contain a negligence count.  Accordingly, the Court denies as moot the motion to
dismiss the negligence claim.

## II. LEGAL ANALYSIS

FACTA is a subset of the statutes contained within the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§ 1681, *et seq.* Plaintiff is alleging a willful violation of the statute, which exposes the Defendant to actual, statutory, and punitive damages. 15 U.S.C. § 1681n(a). At issue in the motion to dismiss is whether Plaintiff's allegations establish willfulness. The second issue in the motion to dismiss is the constitutionality of the provision.

### A. *Willfulness*

The United States Supreme Court recently interpreted the term "willful" as used in section 1681n, expressly holding that section 1681n(a) encompasses not only knowing and intentional violations of the FCRA, but reckless ones as well. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 2216 (2007) ("reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)") (decided two weeks after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *Rambarran v. Bank of Am., Corp.*, 2007 WL 2774256, at *5 (S.D. Fla. Sept. 24, 2007). A defendant does not act in reckless disregard "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 127 S. Ct. at 2215. Recklessness under the FCRA is "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008); *Kubas v. Standard Parking Corp.*, 2009 WL 211967, * 2 (N.D. Ill. Jan. 29, 2009).

Defendant urges the Court that Plaintiff's allegations fail to meet the *Twombly* standard. The Court will analyze Plaintiff's allegations under *Safeco*'s recklessness standard and *Twombly*.

Plaintiff alleges that Defendant printed her credit card expiration date on her receipt amidst many media reports indicating it was illegal for merchants to do so.  Plaintiff does not allege that Defendant failed to investigate FACTA's requirements or failed to take reasonable actions to comply with the law.  Rather, to establish recklessness, Plaintiff relies on her allegations that FACTA's requirements were well-publicized and that credit card companies incorporated FACTA's requirements into their contracts with merchants.

While *Safeco* makes clear that a willful violation can merely be a reckless one, Defendant urges this Court to review subsequent legislation passed by Congress on the issue.  In June 2008, Congress enacted the "Credit and Debt Card Receipt Clarification Act" (the "Clarification Act"). In the Clarification Act, Congress specifically found that FACTA lawsuits premised solely on the inclusion of the card's expiration date on a sales receipt without any evidence of actual injury are "abusive" and lack "consumer benefit." *See* 15 U.S.C. § 1681n(d).  It reads:

> (d) Clarification of Willful Noncompliance
>
> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

The alleged violation in this case took place on June 9, 2008, a few days after the Clarification Act's safe harbor expired.  For that reason, Defendant does not argue the safe harbor applies.  Rather, Defendant relies on the Clarification Act to argue that even Congress recognized that many merchants believed that truncating the credit card number would be enough to comply with the act.

-4-

Defendant argues it was one of those merchants and therefore, the mere allegation that Defendant failed to delete the expiration date cannot by itself establish a willful reckless violation of the statute.

In view of *Twombly, Safeco* and the Clarification Act, the Court finds Plaintiff's allegations insufficient to establish that Defendant acted recklessly. That the Defendant acted more than "negligen[tly] but less than knowledge of the law's requirements" is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements. Accordingly, the Court dismisses the claim without prejudice with leave to amend.

B. *Constitutionality*

Also at issue in the motion to dismiss is FACTA's constitutionality. Defendant relies on the reasoning in *Grimes v. Rave Motion Pictures Birmingham, LLC*, 552 F. Supp. 2d 1302 (N.D. Ala. 2008). In *Grimes*, Judge Acker found FACTA's imposition of strict liability for willfully failing to truncate credit card numbers on receipts violated due process due to the vagueness of the damages provision. He also found that imposing strict liability violated the due process clause as applied because it was possible to award punitive damages in the absence of actual damages. *Id.*

Since the *Grimes* decision, a number of courts have disagreed with Judge Acker and found the statute constitutional. *See Turner v. Creative Hospitality Ventures, Inc.*, 588 F. Supp. 2d 1347 (S.D. Fla. 2008); *Smith v. MSV Sales & Servs., LLC*, 2008 WL 4921356 (S.D. Fla. Nov. 17, 2008); *Smith v. Casino Ice Cream, LLC*, 2008 WL 4541013 (S.D. Fla. Oct. 9, 2008); *Soprych v. T.D. Dairy Queen, Inc.*, 2009 WL 498535 (N.D. Ill. Feb. 26, 2009); *Irvine v. 233 Skydeck, LLC*, ___ F. Supp. 2d ___, 2009 WL 347395 (N.D. Ill. Feb. 12, 2009); *Ashby v. Farmers Ins. Co. of Or.*, 592 F. Supp. 2d 1307 (D. Or. 2008).

In *Irvine*, the Court rejected the vagueness challenge to the statutory damages provision

finding that a reasonable jury tasked with determining the proper amount of damages for a FACTA violation will be able to do so within the statutory range. *Irvine*, 2009 WL 347395 at *3. The *Irvine* Court also found that a statute governing economic activity such as FACTA is held to a less stringent standard than criminal statutes "because businesses, which face ecomonic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." *Id.*, 2009 WL 347395 at *2 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)). The Court is persuaded by the reasoning contained in the *Irvine* decision and declines to find the statute unconstitutionally vague. A reasonable jury can certainly determine the proper amount of damages within the statutory range.

Defendant also challenges the constitutionality of FACTA as applied to it. In view of Plaintiff's failure to sustain actual damages, Defendant contends that an award of statutory and punitive damages would be a penalty so severe so as to violate due process. Courts have found that actual damages in FACTA cases are "small and hard to quantify and that is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury." *Irvine*, 2009 WL 347395 (N.D. Ill. Feb. 12, 2009) (quoting *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)). Again the Court is persuaded by the reasoning in *Irvine* and finds there is no due process violation.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of March, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-6-