**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-21757-CIV-MORENO/TORRES**

YVONNE S. ROSENTHAL,

      Plaintiff,

v.

LONGCHAMP CORAL GABLES LLC,
d/b/a LONGCHAMP AND LONGCHAMP
CORAL GABLES,

      Defendant.

_____/

## SECOND AMENDED COMPLAINT

      Plaintiff Yvonne S. Rosenthal, by and through her undersigned counsel, submits this Second Amended Complaint for damages and declaratory and injunctive relief against Longchamp Coral Gables LLC, d/b/a Longchamp and Longchamp Coral Gables.

      1.  This case is brought to remedy Defendant's violation of the Fair and Accurate Credit Transactions Act ("FACTA"), Public Law 108-159 (December 4, 2003), 15 U.S.C. § 1601 Note.  FACTA is a federal statute enacted to combat and prevent the crime of identity theft.  As explained below, Defendant in violation of FACTA disclosed confidential credit card information on a printed receipt issued to Plaintiff.    Defendant's violation was willful as Defendant received, on multiple occasions, actual notice of the relevant FACTA requirements, but inexplicably chose to ignore those requirements.  Defendant's disregard for FACTA is increasing the risk of identity theft for consumers who pay by credit card at Defendant's business.

### I. The Parties and Jurisdiction

2.  Plaintiff is a natural person residing in Miami-Dade County, Florida. Plaintiff is a consumer for purposes of FACTA and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

3.  Defendant operates a retail store located at 342 San Lorenzo Avenue, Suite 1080, Coral Gables, Florida 33146.  Defendant is a person that accepts credit and debit cards for the transaction of business as that term is used in FACTA § 113, 15 U.S.C. § 1681c(g).

4.  This Court has jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question, a claim for violation of FACTA.

5.  Venue is proper in this district because the events giving rise to this action occurred in this district, and defendant is present in this district.

## II. Factual Allegations

### A.  Identity Theft and FACTA

6.  Identity theft is a serious issue affecting both consumers and businesses. According to a study by the Federal Trade Commission, approximately 8.3 million American adults discovered they were victims of some type of identify theft in the year 2005.  (*See* Federal Trade Commission – 2006 Identity Theft Survey Report).

7.  Obtaining credit card information from discarded receipts is one of the leading causes of identity theft.

8.   In 2003, FACTA was enacted to combat and prevent identity theft. FACTA established limitations on the type of credit card information that merchants may print on electronically generated point of sale receipts.  In particular, FACTA Section 113,15 U.S.C. § 1681c(g), made it illegal to print more than the last 5 digits

of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.

**B.  FACTA's  Requirements Are Widely Publicized, Correspond to State Law Applicable to Defendant, and Would Have Been Understood by Any Reasonable Merchant by the Time of Defendant's Violation**

9. Defendant is an international retailer with operations throughout the United States and throughout the world.  A substantial portion of Defendant's domestic sales are done through credit card transactions, and credit card laws, regulations and rules are therefore matters on which Defendant should keep up to date.

10. The national press extensively reported upon FACTA's prohibitions against printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.

11. In 2003, the State of Florida adopted at FLA. STAT. § 501.0118(2) an identical limitation to FACTA, prohibiting a merchant from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.  Defendant conducts business in Florida and is present in Florida through the operations of its business.  As a merchant conducting business in Florida, Defendant is presumed to know the applicable regulatory requirements such as FLA. STAT. § 501.0118(2).

12. In addition, beginning in 2003, the leading credit card companies adopted rules restricting merchants accepting their cards from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.  For example, the "Rules for Visa Merchants," which is distributed and binding upon merchants that accept Visa cards,

expressly require that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "**the expiration date should not appear at all.**" (emphasis supplied). These rules are incorporated by the merchant's agreement with the credit card company and a merchant may be penalized by the credit card company for violating the rules.

13. The Federal Trade Commission also issued a business alert in May 2007 entitled "Slip Showing?  Federal Law Requires All Business to Truncate Credit Card Information on Receipts."  That report stated: "According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information.  **You may include no more than the last five digits of the card number, and you must delete the expiration date.**"  (emphasis supplied).   The FTC sent this business alert to 187 national trade associations and displayed it on the FTC website.

14. If there was any ambiguity in December 2006 (which there should not have been based upon a plain reading of the statute) when FACTA took effect as to whether or not suppression of the expiration dates was required, that ambiguity was definitively eliminated when the FTC issued it business alert in May 2007 unequivocally stating that businesses "must delete the expiration date."

15. Indeed, by October 30, 2007, the Credit and Debit Card Clarification Act of 2007 had been drafted by business lobbyists, introduced in the United States House of Representatives, and publicized.  That Act was aimed at expiration date violations that occurred shortly after FACTA took effect in December of 2006, when arguably

some ambiguity as to whether expiration date suppression was required could have existed for merchants who did not receive notice about FACTA's requirements. The Credit and Debit Card Clarification Act of 2007 also made clear that the suppression requirement would continue to apply going forward.

16. Moreover, by May 2008, at least sixteen United States District Judges had ruled that FACTA prohibited printing expiration dates on receipts.  No Court had accepted a reading of FACTA that would have allowed printing expiration dates on receipts if the account number were truncated.  Thus, by May 2008, FACTA's expiration date suppression requirement was clearly established as law and no contrary  reading was reasonable.

17. Following the FTC May 2007 business alert, the  introduction of the Credit and Debit Card Clarification Act of 2007 and the resulting news releases, and the unanimous and substantial case law interpreting FACTA by May 2008, no reasonable merchant could have continued to believe the printing credit card expiration dates on receipts  was compliant with FACTA.  Certainly a retailer of Defendant's magnitude could not have understood FACTA to permit printing expiration dates on receipts, after the FTC's May 2007 business alert, introduction of the Credit and Debit Card Clarification Act of 2007, and the unanimous case law.

**C.  Defendant Received Actual Notice of FACTA's Requirements**

18. Defendant also received direct correspondence that advised it that FACTA required expiration date suppression as well as account number truncation.

19. Merchants, such as Defendant, utilize a company often referred to as a merchant bank to process their credit card transactions.

20. After enactment of FACTA in 2003, many merchant banks notified their customers of the new legislation and its requirements.

21. Defendant's merchant bank is Chase.

22. As early as 2003, Chase began sending correspondence its clients advising them of FACTA's requirements. That is, Chase advised its clients through direct correspondence beginning in 2003 that they were required to both truncate the account number **and** suppress the expiration dates.

23. Between 2003 and June 3, 2007, Chase sent Defendant and its other clients several correspondence advising them that they were required to suppress the credit card expiration date on computer generated receipts (as well as that they were required to truncate the account number). That is, Chase told Defendant that expiration date suppression was an independent requirement.

24. Chase provided such frequent correspondence that both expiration date suppression and account number truncation were legal requirements that when the Credit and Debit Card Clarification Act of 2007 was enacted, Chase described the legislation as reiterating the importance of the suppression and truncation requirements. Chase further advised Defendant and its other clients that the Credit and Debit Card Clarification Act of 2007 did not apply to merchants who printed expiration dates on their receipts after June 3, 2008.

25. Chase further advised Defendant and its other clients that it was the client's (i.e., Defendant's) responsibility to ensure that it receipts were compliant.

26. In short, Chase repeatedly advised Defendant that it was required to suppress the expiration date on computer generated receipts and that it was

Defendant's responsibility to ensure that it receipts complied with that requirement. Defendant, in other words, had received actual notice on multiple occasions that FACTA required it to suppress the expiration date on computer generated receipts.

### D.  Defendant Ignored FACTA's Expiration Date Suppression Requirement

27. Despite actual notice that FACTA mandated suppression of expiration dates on credit card receipts and notice that it was responsible for ensuring its receipts were compliant, Defendant either (i) failed to check whether it was complying with FACTA's suppression requirement, thereby effectively ignoring FACTA or (ii) inexplicably decided not to comply with FACTA' suppression requirement.

28. Under either scenario, the result is the same, Defendant flouted FACTA's expiration date suppression requirement.

### E.  Defendant Violates FACTA

29. As explained above, both FACTA and the State of Florida have prohibited the printing of a consumer's credit card expiration date upon a receipt since the year 2003.  Moreover, the leading credit card companies also prohibit merchants from printing a consumer's credit card expiration date upon a receipt.

30. As explained above, Defendant had both constructive notice and actual notice that printing a consumer's credit card expiration date upon a point of sale receipt violated federal and state law, as well as its contractual obligations to leading credit card companies.

31. On June 9, 2008, Plaintiff used a credit card to make a purchase at Defendant's retail store located at 342 San Lorenzo Avenue, Suite 1080, Coral Gables, Florida 33146. Plaintiff was issued an electronically generated receipt that

contained her credit card expiration date.  The inclusion of this information violated FACTA.

### III. Causes of Action

### Count I
### (Violation of FACTA § 113)

32. As alleged above, Defendant's issuance of an electronically generated printed receipt at the point of sale violated FACTA.   Plaintiff asserts alternatively that Defendant's violation was (a) reckless and therefore willful or (b) negligent.

33. As alleged above, Defendant knew that inclusion of Plaintiff's credit card expiration date on an electronically printed receipt was prohibited by federal and state law, and its contractual obligation with credit card companies.

34. 15 U.S.C §1681n provides for statutory and punitive damages for willful violations of FACTA, including printing a consumer's credit card expiration date on an electronically generated point of sale receipt.

35.   Defendant willfully violated FACTA by including Plaintiff's credit card expiration date on an electronically generated point of sale receipt.

36.  15 U.S.C §1681o provides for the recovery of damages resulting from a negligent violation of FACTA, including printing a consumer's credit card expiration date on an electronically generated point of sale receipt.

37.  Defendant violated FACTA in a grossly negligent way by including Plaintiff's credit card expiration date on an electronically generated point of sale receipt because Defendant ignored FACTA's requirements.

38.  Plaintiff has suffered injury as a result of Defendant's violation of FACTA.

## IV. Prayer for Relief

WHEREFORE, Plaintiff requests that after a trial on the merits, she be awarded:

39. Actual damages in an amount determined at trial;

40. Statutory damages in an amount determined at trial;

41. Punitive damages in an amount determined at trial;

42. Pre and post judgment interest;

43. An order declaring Defendant's conduct above to have violated FACTA;

44. An order enjoining Defendant from further violating FACTA;

45. Reasonable attorneys' fees and costs incurred in prosecuting this action;
and

46. Any other relief this Court deems proper.

## V.  Jury Demand

47. Plaintiff demands a jury trial.


Respectfully submitted,

BANDER & ASSOCIATES, P.A.
444 Brickell Avenue, Suite 300
Miami, Florida 33131
Telephone:  (305) 358-5800
Fax:  (305) 374-6593
Email: stephen@bandervisa.com


s/Stephen M. Bander
Stephen M. Bander
Florida Bar No. 0160679
Attorney for Plaintiff Yvonne S. Rosenthal

Dated:  April 2, 2009, Miami, Florida.

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Stephen M. Bander
Stephen M. Bander

**SERVICE LIST**

**CASE NO. 08-21757-CIV-MORENO/TORRES**

Stephen M. Bander (Florida Bar No. 0160679)
stephen@bandervisa.com
BANDER & ASSOCIATES, P.A.
444 Brickell Avenue, Suite 300
Miami, Florida 33131
Telephone: (305) 358-5800
Facsimile: (305) 374-6593
Attorney for Plaintiff Yvonne S. Rosenthal
Notices of Electronic Filing

Alexander Angueira (Florida Bar No. 851711)
alex@angueiralaw.com
Alexander Angueira, P.L.L.C.
Plaza 57, 7301 S.W. 5th Court
Suite 515
South Miami, Florida 33143
Telephone:  (305) 357-0475
Facsimile:  (305) 357-9050
Attorney for Defendant Longchamp Coral Gables LLC
Electronic Communication and Regular Mail

ANTONY P. KIM
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15TH STREET, N.W.
WASHINGTON, D.C. 20005
(Dial)  202-339-8493
(Fax)  202-339-8500
(Cell)  202-270-7590
akim@orrick.com
Attorney for Defendant Longchamp Coral Gables LLC
Electronic Communication and Regular Mail