UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-21757-CIV-MORENO

YVONNE S. ROSENTHAL,

    Plaintiff,

vs.

LONGCHAMP CORAL GABLES LLC, d/b/a
LONGCHAMP AND LONGCHAMP CORAL
GABLES,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss the Second Amended Complaint **(D.E. No. 339)**, filed on **April 20, 2009**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendants must answer the complaint by no later than **July 17, 2009**.

## I. BACKGROUND

Plaintiff's Second Amended Complaint brings suit under Section 113 of the Fair and Accurate Credit Transactions Act ('FACTA"), which is codified at 15 U.S.C. § 1681c(g), which makes it illegal for a merchant to print more than the last five digits of the card number or the expiration date on the receipt provided to a cardholder at the point of sale. Congress enacted this legislation in an effort to combat identity theft by reducing the chance that a consumer would be

injured by unnecessary, yet sensitive information, included on a credit card receipt. *See Grabein v. 1-800-Flowers.com, Inc.*, 2008 WL 343179, *3 (S.D. Fla. Jan. 29, 2008).

Plaintiff's Second Amended Complaint alleges that Defendant willfuly violated FACTA when on June 9, 2008 it issued Plaintiff an electronically generated, point of sale receipt that contained Plaintiff's credit card expiration date. Alternatively, Plaintiff's Second Amended Complaint pleads a negligent violation of FACTA.

The Second Amended Complaint alleges Defendant had constructive and actual notice of the FACTA's requirement that it not print expiration dates on point-of-sale receipts. It states that Chase, Defendant's bank began advising clients in 2003, through frequent direct correspondence, that they were required to truncate the account number and suppress the expiration dates. It adds that Chase also advised Defendant that the Credit and Debit Card Clarification Act of 2007 did not apply to merchants who printed expiration dates on their receipts after June 3, 2008. Chase also advised Defendant and its other clients that it was Defendant's responsibility to ensure that its receipts were compliant. Additionally, the Second Amended Complaint provides instances of constructive notice by stating that the credit card rules, to which Defendant contractually adhered to with Visa, prohibited merchants from printing expiration dates. The Federal Trade Commission distributed a national business alert advising business and trade associations about FACTA's requirements. By May 2008, there were sixteen federal courts that had found FACTA prohibited printing expiration dates.

Defendant has again moved to dismiss arguing the Amended Complaint does not state a willful violation of the statute nor a negligent one. In support of the motion to dismiss, Defendant has provided its credit card agreements to dispute the notice allegations. The Court agreed with

Defendant that Plaintiff's first amended complaint failed to state a willful violation of the statute. The Court denied as moot the motion to dismiss the negligent violation of FACTA as Plaintiff's first amended complaint did not contain such a count.

## II. LEGAL STANDARD

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

## III. LEGAL ANALYSIS

FACTA is a subset of the statutes contained within the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§ 1681, *et seq.* Plaintiff is alleging a willful violation of the statute, which exposes the Defendant to actual, statutory, and punitive damages. 15 U.S.C. § 1681n(a). At issue in the motion to dismiss is whether Plaintiff's allegations in the Second Amended Complaint establish willfulness.

A. *Willfulness*

The United States Supreme Court recently interpreted the term "willful" as used in section 1681n, expressly holding that section 1681n(a) encompasses not only knowing and intentional

violations of the FCRA, but reckless ones as well. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 2216 (2007) ("reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)") (decided two weeks after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *Rambarran v. Bank of Am., Corp.*, 2007 WL 2774256, at *5 (S.D. Fla. Sept. 24, 2007). A defendant does not act in reckless disregard "unless the action is not only a violation under a reasonable reading the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 127 S. Ct. at 2215. Recklessness under the FCRA is "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008); *Kubas v. Standard Parking Corp.*, 2009 WL 211967, * 2 (N.D. Ill. Jan. 29, 2009).

Defendant urges the Court that Plaintiff's allegations fail to meet the *Twombly* standard. The Court will analyze Plaintiff's allegations under *Safeco*'s recklessness standard and *Twombly*. In the First Amended Complaint, Plaintiff relied on her allegations that FACTA's requirements were well-publicized and that credit card companies incorporated FACTA's requirements into their contracts with merchants. In the Second Amended Complaint, Plaintiff goes much further to describe the notice that Defendant received. Particularly, the allegations relating to Defendant's bank, Chase, and its actions in advising clients of FACTA's requirements, do rise willfulness and negligence claims from "conceivable to plausible." *Twombly*, 127 S. Ct. 1955, 1974.

*Safeco* makes clear that a willful violation can merely be a reckless one. The allegations in the Second Amended Complaint provide several instances of notice and identify Chase as the source of that notice. Defendant disputes that notice by attaching copies of its agreements with its bank and

declarations of Defendants' representatives. The documents Defendant attaches are in dispute and are not properly before the Court on a motion to dismiss. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (finding court may only consider document attached to a motion to dismiss when the document is central to claim and undisputed). Because the Court finds the documents are not proper for review on a motion to dismiss and the allegations of the Second Amended Complaint sufficient to state a cause of action for willful and negligent violations of FACTA, the Court denies the motion to dismiss.

That the Court is denying the motion to dismiss does not mean that the Court finds willfulness is established. Of course, the Defendant is free to raise the issues presented in the motion to dismiss at summary judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of June, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record